**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROSENDO FLORES ANGULO,

    Defendant - Appellant.

No. 18-2088
(D.C. No. 1:15-CR-03766-MV-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, Chief Judge, **McHUGH** and **MORITZ**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Rosendo Flores Angulo's plea agreement.  We

grant the defendant's counsel's motion to withdraw, grant the government's motion

to enforce the defendant's appeal waiver, and dismiss the appeal.

The defendant pleaded guilty pursuant to a plea agreement under Fed. R. Crim.

P. 11(c)(1)(C) to one count of conspiracy to distribute heroin, in violation of

21 U.S.C. §§ 846 and 841(b)(1)(C).  The statutory maximum penalty for this offense

is 20 years' (240 months') imprisonment.  *See id.* § 841(b)(1)(C).  In the plea

---

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement, the parties agreed that a sentence within the range of 168 to 210 months'

imprisonment was appropriate in this case. The district court imposed a 210-month

sentence. The plea agreement included the following waiver of Flores's appellate

rights:

> The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742
> afford a defendant the right to appeal a conviction and the sentence
> imposed. Acknowledging that, the Defendant knowingly waives the right
> to appeal the Defendant's conviction(s) and any sentence, including any
> fine, at or under the maximum statutory penalty authorized by law.

Mot. to Enforce, Ex. 1 at 9.

The government filed a motion to enforce the plea agreement under _United

States v. Hahn_, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating

a motion to enforce an appeal waiver, we consider: "(1) whether the disputed appeal

falls within the scope of the waiver of appellate rights; (2) whether the defendant

knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the

waiver would result in a miscarriage of justice." _Id._ at 1325.

The defendant's counsel responded to the government's motion. Citing

_Anders v. California_, 386 U.S. 738, 744 (1967), counsel states that the defendant has

no non-frivolous argument against enforcement of his appeal waiver. Counsel also

requests permission to withdraw from representing the defendant pursuant to _Anders,_

386 U.S. at 744. We gave the defendant an opportunity to file a pro se response to

the motion to enforce. _See id._ To date, he has not filed any response.

Under _Anders_, we have reviewed the motion and the record and we conclude

that the defendant's appeal waiver is enforceable. Accordingly, we grant his

2

counsel's motion to withdraw, grant the government's motion to enforce the appeal waiver, and dismiss the appeal.

Entered for the Court
Per Curiam
